UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEBORAH ANN GUGINO,       ) | |
| ) | 2:07-cv-01534-RCJ-PAL |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | ORDER |
| ) | |
| CLARK COUNTY SCHOOL DISTRICT, a  ) | |
| political subdivision of the State of Nevada,  ) | |
| ) | |
| Defendants.  ) | |
| ) | |

**INTRODUCTION**

This matter comes before the Court on Plaintiff Deborah Gugino's Motion for Remand. (#6). The Court has considered Plaintiff's Motion and the pleadings on file on behalf of all parties. IT IS HEREBY ORDERED that Plaintiff's Motion for Remand (#6) is *granted*.

**BACKGROUND**

Plaintiff argues that the case was improperly removed and should now be remanded to state court. Plaintiff filed her complaint in state court on June 6, 2007. On October 23, 2007, Plaintiff filed and served her First Amended Complaint asserting the following causes of action: (1) Retaliation and Discrimination For Filing Workers Compensation Claim; (2) Age Discrimination; (3) Disability Discrimination; (4) Retaliatory Refusal to Rehire; and (5) Intentional Infliction of Emotional Distress. Defendant Clark County School District removed the case on November 19, 2007, pursuant to 28 U.S.C. § 1441(a) and (b). Plaintiff's complaint alleges that after she filed her

1  workmen's compensation claim, she was not permitted to return to work and Clark County School
2  District terminated her position as an Assistant Principal without so much as a telephone call, letter
3  or other notice.

4  **I.     REMAND UNDER § 1445(c).**

5       Plaintiff argues that its retaliatory discharge claim arises under Nevada's workers'
6  compensation laws and that removal is therefore improper under 28 U.S.C. § 1445(c).  Defendant
7  disagrees, arguing that § 1445(c) is inapplicable because retaliatory discharge is a state tort claim
8  independent from Nevada workers' compensation statute.  Therefore, the sole question before this
9  Court is whether Plaintiff's retaliatory discharge claim "arises under" Nevada's workers'
10 compensation laws.

11      **A.     Retaliatory Discharge "Arises Under" Nevada's Workers' Compensation Laws.**

12      As a general matter, a case arising under Nevada's workers' compensation laws cannot be
13 removed to this court.  Section 1445(c) provides that:

14     A civil action in any State court arising under the workmen's compensation laws of
       such State may not be removed to any district court of the United States.
15

16      A difficult question arises where, as here, the retaliatory discharge action has not been
17 explicitly provided for in the workmen's compensation statute, but has been "judicially recognized"
18 in order to give effect to the statute.  The only Nevada case on the issue held that "[r]etaliatory
19 discharge is a cause of action which arises under Nevada's workers' compensation statute." *Bearden*
20 *v. PNS Stores, Inc.*, 894 F.Supp. 1418, 1420 (D.Nev. 1995).  In *Bearden*, the court recognized that
21 the vast majority of district courts have held that a retaliatory discharge claim, where not explicitly
22 provided for in the workmen's compensation statute, does "arise under" the state's workmen's
23 compensation laws.  *Id.; see also Thompson v. Cort Furniture Rental Corp.*, 797 F.Supp. 618, 620
24 (W.D. Tenn. 1992).  A retaliatory discharge claim may arise under a workers' compensation statute
25

1 if: (1) the statute prohibits retaliatory discharge; and (2) the private cause of action has been
2 judicially recognized in order to give effect to the statute. *Bearden*, 894 F.Supp. at 1420.

3       **1.    Nevada's Statutory Prohibition Against Retaliatory Discharge.**

4     Nevada's Statutory prohibition against retaliatory discharge is outlined in N.R.S. §
5 616B.609(1)(b) which provides:

> A contract of employment, insurance, relief, benefit, indemnity, *or any other device*, having for its purpose the waiver or modification of the terms or liability created by this chapter is void.

8 (emphasis added). *Bearden*, along with several other courts, found that this provision "prohibits the
9 implementation of '*any device*' which would waive or modify an employer's obligation under the
10 state's workers' compensation laws." *Bearden*, 894 F.Supp. at 1420. The term 'device'
11 encompasses retaliatory discharge. *Id.*

12     Workmen compensation laws create a duty in the employer to compensate employees for
13 work related injuries and the right of the employee to receive compensation. *Id.* at 1421. "In order
14 for the goals of the Act to be realized and for public policy to be effectuated, the employee must be
15 able to exercise his right [to file a workers' compensation claim] in an unfettered fashion without
16 being subject to reprisal." *Id.* The Nevada Supreme Court stated that a "[f]ailure to recognize the
17 cause of action of retaliatory discharge for filing a workmen's compensation claim would only
18 undermine Nevada's Act and the strong public policy behind its enactment." *Hansen v. Harrah's*,
19 100 Nev. 60, 63 (1984). The Nevada Supreme Court went on to explain that

> there is no more effective way to nullify the basic purposes of Nevada's workmen's compensation system then to force employees to choose between a continuation of employment or the submission of an industrial claim...It would not only frustrate the statutory scheme, but also provide employers with an inequitable advantage if they were able to intimidate employees with the loss of their jobs upon the filing of claims of insurance benefits as a result of industrial injuries.

24 *Id.* at 64.

25

1    Therefore, "[r]etaliatory discharge for filing a workmen's compensation claim is a device
2 which, if freely used, would 'nullify th basic purposes of Nevada's workmen's compensation
3 system.'" *Bearden*, 894 F.Supp. at 1421.  The use of this device (retaliatory discharge) is clearly
4 prohibited under N.R.S. § 616B.609(1)(b).  Therefore, a retaliatory discharge cause of action arises
5 under Nevada's workmen's compensation statute because it is a device prohibited by N.R.S. §
6 616B.609(1)(b).

7    **2.    Cause of Action for Retaliatory Discharge Recognized to Give Statute Effect**.
8

9    The second prong necessary to determine whether a claim for retaliatory discharge "arises
10 under" Nevada's workers' compensation laws is to determine whether a cause of action for
11 retaliatory discharge is recognized to give the statute effect.  "Because retaliatory discharge is a
12 device which would frustrate the workers' compensation scheme by effectively relieving an
13 employer of its obligation under the statute, the Nevada Supreme Court has recognized a private
14 cause of action as a remedy against its use." *Bearden*, 894 F.Supp. at 1421-22.  Thus, the Nevada
15 Supreme Court recognizes retaliatory discharge as a means to give workers' compensation statutes
16 effect.

17    Therefore, Plaintiffs cause of action for retaliatory discharge arises under Nevada's
18 workmen's compensation scheme because: (1) the right to be free from retaliatory discharge is
19 created under Nevada's workers' compensation statute; and (2) the Nevada Supreme Court
20 recognizes a private cause of action as a remedy for violation of the right to be free from retaliatory
21 discharge.  Accordingly, under 28 U.S.C. § 1445(c) Gugino's suit was improperly removed.

22    **CONCLUSION**

23    IT IS HEREBY ORDERED that Plaintiff's motion to Remand (#6) is *granted*.  Under 28
24 U.S.C. § 1445(c), a civil action "arising under the workmen's compensation laws" may not be
25

1  removed to any United States District Court.  Plaintiff's claim for retaliatory discharge arises under

2  Nevada's workmen's compensations law.

3      IT IS FURTHER ORDERED that Plaintiff's request for attorney's fees based upon upon

4  improper removal is *denied*.

5      DATED:  March 18, 2008

7                                                        ROBERT C. JONES

8                                            UNITED STATES DISTRICT COURT JUDGE

24  (jb)